UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ALBERT T. OWENS, JR.,
FDOC Inmate No. 193166,
    Plaintiff,

vs.                                                                 Case No.: 3:21cv1778/MCR/EMT

WARDEN DONALD LEAVINS, et al.,
    Defendants.
_____/

# REPORT AND RECOMMENDATION

Plaintiff Albert T. Owens, Jr., an inmate of the Florida Department of Corrections (FDOC) currently confined at Santa Rosa Correctional Institution Annex (SRCI), commenced this action on October 25, 2021, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) and a motion to proceed in forma pauperis (IFP) (ECF No. 2). Plaintiff subsequently filed a first, second, and third amended complaint (ECF Nos. 4, 8, and 11). The undersigned reviewed Plaintiff's litigation history and determined Plaintiff is prohibited from proceeding IFP pursuant to 28 U.S.C. § 1915(g). The undersigned thus recommends this action be dismissed without prejudice for Plaintiff's failure to pay the filing fee at the time he initiated the action.[1]

---

[1] The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R.

I.      PLAINTIFF'S COMPLAINT

Plaintiff's initial complaint, as well as each of the amended complaints, is based on Plaintiff's alleged assignment to work in kitchen service, "around electricity, fire, chemicals, machinery and other dangerous situations," which Plaintiff says caused him "to suffer a residual loss of consciousness and epileptic seizures" (ECF No. 1 at 9). Plaintiff alleges he "has a diagnosed epileptic seizure disorder" and that, "[o]n account of his medical condition, [his] attending physician provided him a medical pass restricting him from working around steam, electricity, fire, chemicals, machinery, heights, and any other dangerous situation" (*id.*). According to Plaintiff, "[p]ursuant to FDC's policies and procedures[,] an inmate with medical restrictions shall not be assigned any activity until approval is given by the attending physician or clinical associate" (ECF No. 1 at 9–10).

"On or about January, 2021, [sic]" Plaintiff asserts, Defendants Leavins, Santiago, Estep, Dunlap, and Pittman "met with [him] in accordance with FDC's policy and procedures to provide . . . his work assignment" and "assigned [him] to work as a houseman on account of his medical condition and medical restrictions" (ECF No. 1 at 10). "On or about March, 2021 [sic], however, Leavins, Estep,

---

72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Santiago, Dunlap, Pittman, and Moore arbitrarily withdrew [Plaintiff's] houseman status accommodations and reassigned him to food service with knowledge that [Plaintiff] would be working around steam, fire, chemicals and machinery without approval from medical staff" (*id.*). "As a result," Plaintiff says, he was "required to work in a conglomerate of steam that . . . aggravate[d] his epileptic condition around steaming hot kettles of food and liquids from 10:00 a.m. through 6:00 p.m. five (5) days a week" (ECF No. 1 at 11). During an inspection of the food service department, Plaintiff informed Leavins, Dunlap, and Santiago that the steamy conditions aggravated his condition, "causing him to experience epileptic auras" (*id.*).

Plaintiff submitted a grievance regarding the matter, which was approved, requiring that Plaintiff be re-assigned to houseman duties within thirty days. Plaintiff alleges Defendants Leavins, Santiago, Pittman, Estep, and Moore "refused to act in accordance with FDC's policy and procedures and, thus, never reassigned [him] to . . . houseman duties as required" (ECF No. 1 at 12). "As a result," Plaintiff maintains, he was "forced to continue working in a conglomerate of steam that . . . aggravate[d] his epileptic condition by causing [him] to suffer a residual loss of consciousness around steaming hot kettles of food and liquid" (*id.*). According to Plaintiff, "[a]fter losing consciousness, [he would] need[] to rest for hours to

recover" and "[did] not retain the functional ability to continue working in the steamy environment due to his medical condition being []uncontrolled and him being constantly in imminent danger of falling into a boiling hot kettle of food or liquids during another attendant loss of consciousness" (ECF No. 1 at 12).

And that is precisely what Plaintiff contends occurred on September 12, 2021 (ECF No. 1 at 13–15). Indeed, Plaintiff says that "[a]s the steam rose from the blazing fire under the kettle . . . , [he] began to have difficulty breathing, which resulted in . . . an epileptic seizure" (ECF No. 1 at 14). During the seizure, Plaintiff "fell onto a boiling hot kettle of water in convulsions, severely burning his left hand on the boiling hot kettle" (*id.*). "The injury . . . caused [Plaintiff's] skin to bubble, bleed, blister and peel" (*id.*). Although Plaintiff complains he initially was denied medical treatment, he acknowledges he received medical treatment the next day, on September 13, 2021, *and was reassigned to houseman duties the same day after filing a grievance regarding the incident* (ECF No. 1 at 16). Due to the filing of additional grievances, Plaintiff asserts, Defendants Leavins and Santiago met with him and threatened to reassign him to work in food service if he did not stop filing grievances (ECF No. 1 at 16–17). Plaintiff claims he therefore is in imminent danger of serious physical injury (ECF No. 1 at 17).

II.   DISCUSSION

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding IFP if the prisoner previously filed three or more actions that were dismissed as frivolous, malicious, or for failure to state a claim on which relief can be granted.  *See* 28 U.S.C. § 1915(g).   The statute provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A prisoner who is barred from proceeding IFP must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice.  *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit).   The only narrow exception is if the prisoner

sufficiently alleges he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

To fall within the "imminent danger of serious physical injury" exception, Plaintiff's complaint must include "specific, credible allegations of imminent-danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011). General allegations, which are not grounded in specific facts indicating that serious physical injury is imminent, are not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (holding a plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury . . . ."); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (holding "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."). "Imminent danger" is assessed not at the time of the alleged incident but at the time the complaint is filed. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 213 (3d Cir. 2001).

A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (citations

omitted); *see also Brown*, 387 F.3d at 1349 (noting the imminent danger exception to § 1915(g) requires "a present imminent danger, as opposed to a past danger"). However, a plaintiff's recount of past injuries may sometimes reveal an "ongoing pattern of acts" and a threat of future harm sufficient to meet the § 1915(g) standard. *Chavis v. Chappius*, 618 F.3d 162, 170–71 (2d Cir. 2010) (cited in *Jacoby v. Lanier*, No. 20-11489, 2021 WL 1016417, at *2 (11th Cir. Mar. 17, 2021) (unpublished) and *Barber v. Krepp*, 680 F. App'x 891, 821 (11th Cir. 2017) (unpublished)). The court must consider whether the allegations establish an ongoing pattern of acts and a threat of future harm sufficient to meet the § 1915(g) standard. *See Jacoby*, 2021 WL 1016417, at *2; *Smith v. Clemons*, 465 F. App'x 835, 837 (11th Cir. 2012) (unpublished).

This court has repeatedly recognized Plaintiff as a "three-striker." *See Owens v. Comerford*, Case No. 3:15cv164/MCR/CJK; *Owens v. Sec'y, Fla. Dep't of Corr.*, 3:15cv272/MCR/EMT; *Owens v. Sec'y, Fla. Dep't of Corr.*, 3:15cv300/RV/EMT; *Owens v. Jones*, Case No. 4:16cv399/RH/GRJ; and *Owens v. Chaudry*, Case No. 4:17cv53/MW/CAS. Plaintiff thus cannot proceed unless he alleges facts demonstrating he is in imminent danger of serious physical injury. Although Plaintiff claims he was in imminent danger of serious physical injury while working in food service, he acknowledges in his initial complaint that he was re-

assigned to houseman duties on September 13, 2021, following the incident and no longer required to work in kitchen service. He also acknowledged in the first, second, and third amended complaints, the latter of which was filed on December 9, 2021, that he has not been re-assigned to kitchen service (*see* ECF Nos. 4, 8, 11). The undersigned thus concludes Plaintiff has not made a colorable showing that he is in imminent danger of serious physical injury. The matter thus is due to be dismissed because Plaintiff did not pay the filing fee at the time he initiated the action.

III.   CONCLUSION

By filing at least three civil cases that were dismissed as frivolous, malicious, or for failure to state a plausible claim, Plaintiff forfeited the opportunity to bring a civil rights case under the IFP statute while in prison. Since his designation as a "three-striker" over five years ago, however, Plaintiff has continued to file lawsuits and seek to proceed IFP by misrepresenting his litigation history or claiming he is in imminent danger of serious physical injury. In this case, Plaintiff has not made a colorable showing he is in imminent danger of serious physical injury; hence, he is not entitled to proceed IFP and was required to pay the filing fee up front. Because he did not do so, this case should be dismissed without prejudice pursuant to § 1915(g).   *See Dupree*, 284 F.3d at 1236.

Accordingly, it is respectfully **RECOMMENDED**:

1. That this action be **DISMISSED without prejudice**, pursuant to 28 U.S.C. § 1915(g), based on Plaintiff's failure to pay the filing fee at the time he initiated the action.

2. That all pending motions be **DENIED** as moot.

3. That the clerk of court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida this 16th day of December 2021.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.